[ECF No. 34]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BOIVAE FLEMING-MARTINEZ,<br><br>              Plaintiff,<br><br>    v.<br><br>NEW JERSEY DIVISION OF CHILD PROTECTION AND PERMANENCY et al.,<br><br>              Defendants. | Civil No. 20-13098 (RMB/SAK) |

**OPINION AND ORDER**

This matter is before the Court on the "Motion for Leave to File Late Government Claim" [ECF No. 34] filed by *pro se* Plaintiff Boivae Fleming-Martinez. The Court received the opposition of Defendants New Jersey Division of Child Protection and Permanency ("DCP&P"), Amanda Hammond, Natasha Cranmer, and Virginia Kenny (collectively, "DCP&P Defendants") [ECF No. 35], and Plaintiff's reply [ECF No. 38]. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons discussed herein, Plaintiff's motion is **DENIED**.

I.     **BACKGROUND**

Plaintiff initially filed this civil rights action on September 22, 2020 against the DCP&P Defendants, Yvette Ramos, and Mrs. Johnson, alleging constitutional violations in connection with the custody and placement of Plaintiff's minor children. *See* Compl. [ECF No. 1]. The DCP&P Defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1)

and 12(b)(6).[1] *See* Defs.' First Mot. to Dismiss [ECF No. 6]. Plaintiff opposed Defendants' motion and sought leave to amend his complaint to address the deficiencies noted therein. *See* Pl.'s Opp'n [ECF No. 9]. The Honorable Robert B. Kugler, U.S.D.J., denied the request without prejudice to Plaintiff's right to refile a motion for leave to file an amended complaint. *See* Order, Oct. 6, 2021 [ECF No. 15]. Shortly thereafter, Plaintiff filed a motion to amend. *See* Pl.'s First Mot. to Amend [ECF No. 16]. Judge Kugler subsequently granted Plaintiff's motion to amend, denied the DCP&P Defendants' motion to dismiss, and directed Plaintiff to file his first amended complaint ("FAC") on the docket. *See* Order, Nov. 8, 2021 [ECF No. 17]; *see also* FAC [ECF No. 18].

Plaintiff's FAC asserts various causes of action against all Defendants for constitutional violations pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, as well as tort claims under New Jersey common law. Specifically, Plaintiff's FAC asserts the following four counts against all Defendants:

(1) Violations of the 14th Amendment and the New Jersey Civil Rights Act;

(2) Violations of N.J.S.A. § 9:23-5;

(3) Intentional Infliction of Emotional Distress (IIED); and

(4) Negligence.[2]

*See* FAC ¶¶ 40–63. Plaintiff's causes of action are premised on factual allegations spanning from October 2009 through October 2019. *See id.* ¶¶ 3–28. In sum, Plaintiff alleges that Defendants' acts or omissions caused his minor children to be placed and to remain in the custody and care of an unfit custodian. *See id.* As a result, Plaintiff contends his children were caused to suffer mental and emotional harm due to abuse and neglect, and that he and his family have suffered emotional and financial harm related to their efforts to retain custody of the children. *See id.* ¶¶ 27–28.

---

[1] Defendant Virginia Kenny did not join the other DCP&P Defendants in this motion.
[2] The FAC purports to assert five causes of action but the pleading does not contain a second count.

In lieu of filing an answer, the DCP&P Defendants moved to dismiss Plaintiff's FAC under similar theories raised in their first motion to dismiss.[3] *See* Second Mot. to Dismiss [ECF No. 22]. The DCP&P Defendants alleged, *inter alia*, that Plaintiff's claims for IIED and negligence were barred as a matter of law because of his failure to comply with statutory notice requirements. *See* Defs.' Mot. Br. at 1–2 [ECF No. 22-1]. Plaintiff opposed the motion, contending he was unaware of the notice requirements and that he intended to file a motion for leave to file a late government claim to preserve his state law tort claims. *See* Pl.'s Opp'n [ECF No. 27].

On February 28, 2022, Plaintiff filed the instant motion for leave to file a late government claim pursuant to N.J.S.A. § 59:8-9. *See* Mot. at 1. Plaintiff contends his request is timely because the alleged tortious conduct of the defendants is ongoing. *See id.* Plaintiff further contends that, since he is currently incarcerated in the State of Nevada with no access to a law library and since he lacks freedom of movement, "the failure to file [notice] was done not through negligence on the part of plaintiff but due to extraordinary circumstances outside of his control." *Id.* at 2. More specifically, Plaintiff alleges he "received documents from defendant's agent on January 20, 2020 and soon after was in lockdown based on Covid-19." *Id.* Plaintiff provides no further elaboration but appears to suggest that he became aware of his potential claims against Defendants on January 20, 2020 and that the subsequent lockdown hindered his ability to timely file notice.

The DCP&P Defendants oppose the motion, alleging (1) the Court lacks statutory authority to grant the requested relief, (2) that Plaintiff's inability to timely file notice is not the product of extraordinary circumstances, and (3) that the motion is untimely because it was not filed within one year of the accrual of Plaintiff's tort claims. *See* Defs.' Opp'n at 1–2 [ECF No. 35].[4]

---

[3] Defendant Virginia Kenny did not join the other DCP&P Defendants upon filing. However, after counsel entered an appearance on her behalf, Ms. Kenny joined in the motion. *See* ECF No. 30.

[4] Defendants rely upon and incorporate by reference the brief filed in support of their second motion to dismiss. *See id.* at 2 n.1; *see also* Defs.' Mot. Br.

## II.    DISCUSSION

### A. Legal Standard

The New Jersey Tort Claims Act (the "NJTCA" or the "Act") provides that "no action shall be brought against a public entity or public employee under [the Act] unless the claim upon which it is based shall have been presented in accordance with the procedures set forth in this Chapter." N.J.S.A. § 59:8-3. The purpose of the Act "was to reestablish the immunity of public entities while coherently ameliorating the harsh results of the [sovereign immunity] doctrine." *Beauchamp v. Amedio*, 164 N.J. 111, 115 (2000). To this end, the Act requires a claimant to sign and file a notice of tort claim (a "Notice of Claim") with the public entity within 90 days of the accrual of the cause of action. *See Tripo v. Robert Wood Johnson Med. Ctr.*, 845 F. Supp. 2d 621, 626 (D.N.J. 2012) (citing N.J.S.A. § 59:8-8). Importantly, a failure to timely serve a Notice of Claim will result in the claimant being "forever barred from recovering against [the] public entity or public employee." N.J.S.A. § 59:8-8.

The Act does, however, provide courts with limited discretion to allow for the late filing of a Notice of Claim. Specifically, a court may permit the late filing of notice where a party seeks leave by motion within one year of the claim accrual date, provided that: (1) the claimant seeking to file a late claim shows reasons constituting "extraordinary circumstances" for his or her failure to meet the 90-day filing requirement; and (2) the defendant(s) are not "substantially prejudiced thereby." N.J.S.A. § 59:8-9. "The existence of 'extraordinary circumstances' is to be determined by a court on a case-by-case basis." *Tripo*, 845 F. Supp. 2d at 627; *see id.* (quoting *Beauchamp*, 164 N.J. at 118) (noting "the New Jersey Supreme Court has explained that the purpose of adding the phrase 'extraordinary circumstances'" to the NJTCA was to "raise the bar for the filing of late notice from a 'fairly permissive standard' to a 'more demanding one'").

4

The Court must engage in a "sequential analysis" to determine whether a Notice of Claim was timely filed. *Beauchamp*, 164 N.J. at 118. The New Jersey Supreme Court has explained:

> The first task is always to determine when the claim accrued. The discovery rule is part and parcel of such an inquiry because it can toll the date of accrual. Once the date of accrual is ascertained, the next task is to determine whether a notice of claim was filed within ninety days. If not, the third task is to decide whether extraordinary circumstances exist justifying a late notice. Although occasionally the facts of a case may cut across those issues, they are entirely distinct.

*McDade v. Siazon*, 208 N.J. 463, 475 (2011) (quoting *Beauchamp*, 164 N.J. at 118–19). "It is a common and regrettable occurrence for accrual and extraordinary circumstances to be treated as interchangeable and for courts and litigants to overlook the primary question of accrual and directly confront the ultimate question of extraordinary circumstances. What is important is to understand the framework of a Tort Claims notice analysis and to follow it." *Beauchamp*, 164 N.J. at 119.

### B. Analysis

In the instant matter, there is no dispute that the claims at issue are claims against DCP&P, a public entity, and current or former employees of DCP&P. Consequently, Plaintiff was required to file a Notice of Claim pursuant to the NJTCA. However, Plaintiff argues that extraordinary circumstances exist to allow for the late filing of notice. Conversely, Defendants contend that Plaintiff admits he was aware of his potential claims as of January 20, 2020, and therefore, his claims accrued on that date. Since Plaintiff's motion was filed over two years later, Defendants further contend that it must be denied as untimely. Plaintiff counters that Defendants' alleged conduct is ongoing and "continuing" in the legal sense, since they continue to maintain jurisdiction over his minor children. As such, Plaintiff alleges his claims have not yet accrued and therefore, "there really is no need to file a late claim." Pl.'s Reply at 4. Nevertheless, Plaintiff maintains that his motion to file a late government claim should be granted.

For purposes of the instant motion, the Court finds Plaintiff's claims accrued, at the latest, by January 20, 2020—the date on which he purportedly received notice of his potential claims.[5] Any argument that these claims have yet to accrue due to the ongoing or "continuing" nature of Defendants' alleged tortious conduct is misguided. While the Court is mindful Plaintiff is proceeding *pro se* and liberally construes his pleadings and papers as such, the case law leaves no doubt here: "[O]nce an injury is known, even a minor one, the ninety[-]day notice is triggered. Worsening of that injury does not extend the time or otherwise alter the party's obligations." *Beauchamp*, 164 N.J. at 122. Having established January 20, 2020 as the latest date on which his claims could have accrued, the Court must next determine whether Plaintiff timely served notice. Here, Plaintiff would have been required to serve a Notice of Claim on or before April 19, 2020. He did not. Thus, the Court finds Plaintiff failed to timely serve notice of his claims.

In light of the Court finding that Plaintiff's claims accrued on or before January 20, 2020, Plaintiff's request for leave to file a late Notice of Claim under N.J.S.A. § 59:8-9 must be denied. Plaintiff argues extraordinary circumstances exist to warrant such relief. However, it is well settled that "[o]nce the one-year outer time limit has passed, a court cannot allow late notice, and thus, cannot consider extraordinary circumstances or potential prejudice." *Davis v. Twp. of Paulsboro*, 371 F. Supp. 2d 611, 618 (D.N.J. 2005) (citations omitted); *see Pilonero v. Twp. of Old Bridge*, 566 A.2d 546, 548 (N.J. Super. Ct. App. Div. 1989) (citations and internal quotations omitted) ("After the one-year limitation has passed, the court is without authority to relieve a plaintiff from his failure to have filed a notice of claim."). The instant motion was filed on February 28, 2022, which far exceeds the one-year limitation period.[6] As such, Plaintiff's motion must be denied.

---

[5] To be clear, the Court finds that this is latest date on which Plaintiff's claims could have accrued. Because any earlier date of accrual would have no bearing on the outcome of the instant motion, the Court makes no finding with respect to when Plaintiff's claims actually accrued.

[6] Here, Plaintiff would have been required to file his motion by January 20, 2021.

### III.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** this **6th** day of **May**, **2022**, that Plaintiff's "Motion for Leave to File Late Government Claim" [ECF No. 34] is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall forward a copy of this Opinion and Order to Plaintiff *via* regular mail and shall enter a notation on the docket indicating the date upon which this Order was forwarded to Plaintiff *via* regular mail.

s/ Sharon A. King  
SHARON A. KING  
United States Magistrate Judge

cc:  Hon. Renée M. Bumb, U.S.D.J.